# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

STEVEN M. WILSON, O.D.,

    Plaintiff,

v.

SPECTERA, INC.,

    Defendant.

Civil Action 7:10-CV-154 (HL)

## ORDER

This case is before the Court on Plaintiff's Motion to Remand (Doc. 6) and Amended Motion to Remand (Doc. 26). For the reasons discussed herein, the Motions are granted.

Plaintiff is an optometrist licensed by the State of Georgia to provide eye care services. Defendant is a health care insurer and provides a health benefit plan that includes eye care benefits. Plaintiff is currently a provider on the plan panel pursuant to a provider contract. Defendant notified Plaintiff that it intends to modify the plan and provider contract, which led Plaintiff to file a lawsuit against Defendant in the Superior Court of Lowndes County. Plaintiff contends that the proposed changes violate the Georgia Patient Access to Eye Care Act, O.C.G.A. § 33-24-59.12, and the violations of the Act will adversely affect him. Plaintiff requested injunctive relief against Defendant's proposed violations of the Act, and that he be awarded statutory damages in the amount of $100, attorney's fees, and costs.

Defendant removed the action to this Court based on diversity of citizenship, 28 U.S.C. § 1332. Plaintiff now moves to remand the case to state court.

A defendant may remove an action to a district court that would have original jurisdiction because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists. Where the plaintiff has not plead a specific amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy" can be satisfied. Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001) (citations omitted). The value of injunctive relief for amount in controversy purposes is the "monetary value of the object to the litigation that would flow to the plaintiffs if the injunction were granted." Leonard v. Enterprise Rent A Car, 279 F.3d 967, 973 (11th Cir. 2002). Defendant is not "required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Instead, Defendant only has to present "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," id., that the value of the injunctive relief exceeds $75,000. Nevertheless, Defendant must show that the benefit Plaintiff will obtain from the injunction is "sufficiently measurable and certain to satisfy the . . . amount in controversy requirement." Morrison v. Allstate Indemn. Co., 228 F.3d 1255, 1269 (11th Cir. 2000) (quoting Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 221 (11th Cir. 1997)).

Defendant's argument regarding the value of the injunctive relief is based on reimbursements paid by Defendant to Plaintiff in the past, along with co-pays paid

by Defendant's insureds to Plaintiff in the past. However, whether Plaintiff receives any reimbursements or co-pays in the future is entirely speculative and depends on a host of "ifs": if Defendant maintains a contractual relationship with Plaintiff; if Plaintiff remains on the provider panel; if Defendant's insureds continue to choose Plaintiff for their vision needs; if Defendant keeps the same reimbursement structure; if Defendant keeps the same co-pays; if consumers remain on Defendant's health care plan; if employers keep their contracts with Defendant. The Court agrees with Plaintiff that using the past reimbursement and co-pay figures to establish the amount in controversy is speculative and not "sufficiently . . . certain to satisfy the . . . amount in controversy requirement." Id.; *see also* Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1358 (11th Cir. 2005) (holding that the value of the injunction was speculative because the defendant could change its rate structuring or cancel the insurance policy altogether); Mitchell v. GEICO, 115 F.Supp.2d 1322, 1327 (M.D. Ala. 2000) (finding that the monetary value of the injunctive relief was speculative because a monetary benefit would materialize only if a plaintiff continued to maintain insurance through the defendant and if a plaintiff's automobile was damaged and required repair under the policy).

The Court finds that it lacks subject matter jurisdiction over this case under 28 U.S.C. § 1332, as the amount in controversy has not been met.[1] The Motion to

---

[1] The requested statutory attorney's fees do not establish the amount in controversy either. There is no evidence that Plaintiff's attorney's fees exceeded $75,000 on the date of removal, or that they would exceed $75,000 during the course of litigation.

Remand (Doc. 6) and Amended Motion to Remand (Doc. 26) are granted. This case is remanded to the Superior Court of Lowndes County. In light of the remand, Defendant's Motion to Dismiss (Doc. 2), Plaintiff's Motion for Preliminary Injunction (Doc. 28), Plaintiff's Motion for Hearing (Doc. 31), and Defendant's Motion to Consolidate (Doc. 32) are denied as moot.

**SO ORDERED**, this the 18th day of March, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh